**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| JOAN LAWYER, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EQUIFAX, INC.,<br><br>Defendant. | Case No. 4:17-cv-3161 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Equifax Inc. ("Equifax") hereby files this Notice of Removal of this action from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, on the basis of the following facts, which show that this case may be properly removed to this Court:

1.  Equifax has been sued in a civil action entitled *Joan Lawyer, et. al v. Equifax, Inc.*, Case No. 2017-61904, 269th Judicial District Court of Harris County, Texas (the "State Court Action").

2. Plaintiff Joan Lawyer and other similarly situated ("Plaintiffs") filed their Class Action Complaint ("Complaint") in the State Court Action on September 19, 2017, and served Equifax with it on September 26, 2017.

3. To date, no further filings have been made in the State Court Action.

4. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Equifax has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1446, and CAFA.

**I. THIS ACTION IS ONE OF OVER TWO HUNDRED SIMILAR SUITS FILED IN FEDERAL COURT IN THE WAKE OF EQUIFAX'S ANNOUNCEMENT OF A DATA SECURITY INCIDENT IMPACTING APPROXIMATELY 145.5 MILLION U.S. CONSUMERS.**

5. Equifax is a global information solutions company. As part of its business operations, Equifax maintains personal information of millions of U.S. consumers.

6. On September 7, 2017, Equifax announced a data security breach impacting the personal information of approximately 143 million U.S. consumers (the "Data Breach"). *See* www.equifaxsecurity2017.com.

7. On October 12, 2017, Equifax notified various attorneys general, including the Texas Attorney General, that approximately 2.5 million additional U.S. consumers were potentially impacted, bringing the total number of U.S. consumers who were potentially impacted to 145.5 million. Declaration of Terry Griffin, attached as Exhibit 1, at ¶ 7.

8. On the evening of September 7, 2017, consumers began to file putative class action complaints against Equifax seeking relief related to the Data Breach. To date, over two

hundred lawsuits have been filed against Equifax in United States District Courts across the country. Exhibit 1, at ¶ 8.

9. The gravamen of each of these lawsuits against Equifax is the same: that Equifax failed to adequately safeguard consumers' personal information and that this failure resulted in a data breach of Equifax systems. Many of these related cases have alleged federal jurisdiction pursuant to CAFA. *See, e.g.*, *McGonnigal v. Equifax, Inc.*, No. 1:17-cv-03422-WSD (N.D. Ga., filed Sept. 7, 2017); *McHill v. Equifax Inc.*, No. 3:17-cv-01405-BR (D. Or., filed September 7, 2017); *Barker v. Equifax, Inc.*, No. 8:17-cv-1560 (C.D. Cal., filed September 8, 2017); *King v. Equifax, Inc.*, No. 1:17-cv-3157 (S.D. Ind., filed September 8, 2017); *Rice v. Equifax, Inc.*, No. 1:17-cv-156 (N.D. W. Va., filed September 8, 2017); *Walker v. Equifax Inc.*, No. 5:17-cv-01527-HNJ (N.D. Ala., filed September 11, 2017).

10. At least 11 of these cases are currently pending in Texas federal courts, including at least three such cases in this division:

| Case Name | Case No. | Date Filed | Court |
|---|---|---|---|
| *Lynch v. Equifax, Inc.* | 4:17-cv-00640 | 9/11/2017 | E.D. / Sherman |
| *Collins v. Equifax, Inc.* | 1:17-cv-187 | 9/11/2017 | S.D. / Brownsville |
| *Becker v. Equifax Inc.* | 5:17-cv-0900-DAE | 9/14/2017 | W.D. / San Antonio |
| *Johnson v. Equifax, Inc.* | 3:17-cv-02464-L | 9/14/2017 | N.D. / Dallas |
| *Ramsay v. Equifax, Inc.* | 4:17-cv-02783 | 9/14/2017 | S.D. / Houston |
| *Thomson v. Equifax Inc.* | 3:17-cv-02468-M | 9/14/2017 | N.D. / Dallas |
| *Wiltz v. Equifax, Inc.* | 4:17-cv-02778 | 9/14/2017 | S.D. / Houston |
| *Woods v. Equifax, Inc.* | 4:17-cv-00660 | 9/19/2017 | E.D. / Sherman |
| *Dhuka v. Equifax, Inc.* | 1:17-cv-00919 | 9/21/2017 | W.D. / Austin |
| *Whitfill v. Equifax, Inc.* | 4:17-cv-00771-A | 9/22/2017 | N.D. / Fort Worth |
| *Smith v. Equifax Inc.* | 4:17-cv-02939 | 9/30/2017 | S.D. / Houston |

3

11. On September 11, 2017, plaintiffs in a related case, *McGonnigal v. Equifax, Inc.*, No. 1:17-cv-03422-WSD (N.D. Ga., filed Sept. 7, 2017), filed a motion for consolidation and transfer under 28 U.S.C. § 1407 with the JPML in *In re Equifax, Inc., Customer Data Security Breach Litigation*, MDL No. 2800 (J.P.M.L. Sept. 11, 2017) ("*In re Equifax*"). *See In re Equifax*, Dkt. No. 1. That motion seeks to have related actions consolidated with the *McGonnigal* case and transferred to the Northern District of Georgia. Subsequently, multiple plaintiffs in other related cases also filed § 1407 motions seeking consolidation and transfer. *See id.*, Dkt. Nos. 3-4, 10, 19, and 20. Scores of plaintiffs have filed responses to the § 1407 motions supporting consolidation of these actions, and Equifax too supports consolidation and transfer to the Northern District of Georgia, where it is headquartered. *See id.*, Dkt. No. 281. Additionally, numerous notices of related actions have been filed in *In re Equifax*, and Equifax is aware of many additional related cases that have not yet been noticed to the JPML.

12. Upon removal, this case likely will be consolidated and transferred along with the other related class actions in federal court if the Judicial Panel on Multi-District Litigation grants the *McGonnigal* Plaintiffs' Section 1407 motion.

## II. EQUIFAX HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

13. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Equifax in this matter are attached as Exhibit 2. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the 269th Judicial District Court of Harris County, Texas.

14. Plaintiffs served Equifax with the Class Action Complaint on September 26, 2017. *See* Exhibit 2. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b)

4

because it was filed within thirty days after receipt by Equifax, through service or otherwise, of a copy of the "initial pleading." 28 U.S.C. § 1446(b).

15. As of the date of this removal, Equifax has not filed a responsive pleading to any complaint. Equifax reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. Equifax further reserves the right to amend or supplement this Notice of Removal.

16. Venue lies in the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Southern District of Texas. Harris County, Texas is further located within the Houston Division. Venue, therefore, is proper in this District and Division because they are the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

### III. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

17. The Court has original jurisdiction over this action, and the action may be removed to this Court, under CAFA.

18. Concerned by abuses of class actions in some state courts, Congress passed CAFA in part to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

19. CAFA expanded Federal court jurisdiction over, and permits removal to Federal court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a); 28 U.S.C. § 1453. Specifically, CAFA permits removal of class actions filed in state court if:

5

      a.      any member of the putative plaintiff class is a citizen of a State different than that of any defendant (28 U.S.C. §1332(d)(2)(A));

      b.      the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(B)); and,

      c.      the aggregate amount in controversy exceeds $5,000,000) (28 U.S.C. § 1332 (d)(2)).

20. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Plaintiffs; (2) at least one member of the proposed class is a citizen of a different state than Equifax; and (3) based upon the allegations in the Complaint and the facts set forth in Exhibit 1, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

    **A.**    **Plaintiffs' Proposed Class Consists of More Than 100 Members.**

21. In their Petition and Request for Disclosure, Plaintiffs purport to seek damages on behalf of an alleged class including "[a]ll natural or artificial persons or entities otherwise harmed by the data breach as a result of the negligent actions of the Defendant or their agents" and Plaintiffs estimate that "the total number of Class members is at least in the millions." Exhibit 2, at ¶¶ 2, 4.

22. Plaintiffs further allege that the class is "so numerous that individual joinder of all of their members is impracticable." *Id.* at ¶ 4.

23. As disclosed in its October 12, 2017 letter to the Texas State Attorney General's Office, Equifax determined that approximately 12,210,497 Texas residents may have had their information impacted by the Data Breach. Exhibit 1, at ¶ 7.

24. The 12,210,497 Texas residents disclosed in Equifax's October 12, 2017 letter is the minimum number of individuals that may have been impacted in Texas. *Id.*

25. Accordingly, based on the allegations in the Complaint and Equifax's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

**B.    The Requirement for Minimal Diversity is Met.**

26. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .* ) (emphasis added).

27. Plaintiffs seek to represent a class consisting of Texas consumers. *See* Exhibit 2, at ¶¶ 2, 4.

28. Equifax is, and was at the time it was served with the Complaint, a corporation duly organized and validly existing under the laws of the State of Georgia. Exhibit 1, at ¶ 4; *see also* Exhibit 2, at ¶ 16 ("Equifax Inc. [] is a multi-billion dollar Georgia corporation."). Equifax maintains its principal place of business in Georgia. Exhibit 1, at ¶ 4. Equifax, therefore, is a citizen of Georgia.

29. Because the Texas Plaintiffs are diverse from Equifax based on its Georgia citizenship, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) (CAFA jurisdiction exists where "there is minimal diversity" and the complaint "makes it 'facially apparent' that at least $5 million is in controversy, in the aggregate" (footnote omitted)); *Harris v. Black Clawson Co.*, 961 F.2d 547, 551 (5th Cir. 1992) (finding minimal diversity where Louisiana plaintiffs were diverse from defendant based on its lack of Louisiana citizenship).

    **C.**    **The Amount in Controversy Requirement is Satisfied.**

30. This action arises out of Equifax's alleged failure to safeguard the personal and financial information of its customers. *See* Exhibit 2, at ¶¶ 21-38.

31. Plaintiffs allege that their claims are "typical of the claims of the members of the Class" and that "all members of the Class have been similarly affected by Defendant's common course of conduct." *Id.* at ¶ 7.

32. Although the Complaint contains only conclusory allegations concerning the speculative harm purportedly suffered by the putative class, Plaintiffs allege that "Class Plaintiffs and the members of the Class suffered and will continue to suffer harm as a result of Defendant's willful, knowledgeable, unlawful, and wrongful conduct." *Id.* at ¶ 9. Plaintiffs' Complaint "requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services." *Id.* at ¶ 21. Thus, Plaintiffs' allegations make it clear that their alleged damages in the case include the cost of purchasing third-party credit monitoring services.

33. Publicly available information regarding commercial credit monitoring services shows that the cost of credit monitoring typically ranges from $16.95 per month ($169.95 per year) to $29.99 per month ($299.99 per year). *See* Exhibit 1, at ¶¶ 9-10.

34. As noted above, Plaintiffs seek to represent a class of "millions" of Texas consumers. Exhibit 2, at ¶ 4.

35. As set forth above, that class consists of at least 12,210,497 Texas residents. *Supra* ¶¶ 23-24.

36. Based on the *lowest* available credit monitoring cost of $169.95 per year, over $2 billion has been placed in controversy by the allegations in the Complaint and the damages Plaintiffs seek, based on only one year of credit monitoring.[1]

37. That amount does not include the unspecified "exemplary" damages which Plaintiffs purport to seek.

38. Indeed, given the size of the proposed class, each member need seek less than $1 in order for the $5,000,000 threshold of 28 U.S.C. 1332 (d)(2) to be met.

39. It is therefore clear that the amount in controversy in this putative class action far exceeds $5 million.

---

[1] Plaintiffs have not stated a plausible basis for entitlement to this relief (or any of the other relief) and their alleged claims suffer from numerous defects. Those deficiencies do not impact the amount in controversy, however, because "[w]hat counts is the amount in controversy at the time of the removal. It is less a prediction of how much the plaintiffs are ultimately likely to recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (cleaned up).

## IV. CONCLUSION

40. While Equifax believes Plaintiffs have suffered no injury, their claims fail on the merits, and class certification is not appropriate in this action, based on Plaintiffs' allegations and the supporting declaration of Terry Griffin, it is clear that Plaintiffs' complaint: (1) purports to represent a class of more than 100 individuals, (2) presents minimum diversity, and (3) puts in excess of $5 million in controversy.

41. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441, 1446, 1453, and CAFA, and this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).

42. Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), Equifax will give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the 269th Judicial District Court of Harris County, Texas.

THEREFORE, Equifax respectfully requests that this action be removed from the 269th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Respectfully submitted this 18th day of October 2017.

KING & SPALDING LLP

*/s/ Kevin M. Clark*
Kevin M. Clark
State Bar No. 2405312
1100 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel: 713-276-7334
Fax: 713-751-3290
Email: kclark@kslaw.com

***Attorney for Equifax, Inc.***

## CERTIFICATE OF SERVICE

The undersigned counsel for Equifax Inc. hereby certifies that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, this 18th day of October, 2017, on the following:

Robert C Hilliard
bobh@hmglawfirm.com
Catherine D Tobin
cathenne@hmglawfirm.com
John B Martinez
john@hmglawfirm.com
Marion Reilly
marion@hgmlawfirm.com

Hilliard Martinez Gonzales LLP
719 S Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No: 361 882 1612
Facsimile No: 361 882 3015

*Attorneys for Plaintiffs*

                                          */s/ Kevin M. Clark*
                                          Kevin M. Clark